UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANCELOT CAZEAU, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-3802** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION "L" (4)** |

### ORDER & REASONS

Before the Court are Allstate's Motion for Partial Summary Judgment on the Claims of Plaintiff Lancelot Cazeau (Rec. Doc. 44) and Allstate's Motion for Partial Summary Judgment on Plaintiff's Claim under La. R.S. 22:658 (Rec. Doc. 45). For the following reasons, Allstate's motion regarding Mr. Cazeau is now DENIED and Allstate's motion regarding La. R.S. § 22:658 is now GRANTED.

**I.   BACKGROUND**

This case arises from a dispute regarding insurance coverage for Mr. and Mrs. Cazeau's ("Plaintiffs") residence located in the Lake Catherine subdivision in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Plaintiffs maintained a homeowner's insurance policy with the Allstate Insurance Company, and submitted a claim to Allstate following the storm.

Unsatisfied with their insurance settlement, the Plaintiffs filed suit in this Court on July 19, 2006 against Allstate. The Plaintiffs seek to recover the limits of their policy, contending that extreme winds and tornados destroyed their home and its contents. The Plaintiffs also seek

bad-faith penalties and attorneys' fees pursuant to La. R.S. § 22:1220 and/or La. R.S. § 22:658.

## II. PRESENT MOTIONS

Allstate has filed two motions for partial summary judgment.  First, Allstate seeks dismissal of Mr. Cazeau's claims, arguing that his claims are duplicative of his wife's claims under the policy.  Second, Allstate seeks clarification on the applicable version of La. R.S. § 22:658.

## III. LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion."  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

### A. Mr. Cazeau's Claims

Allstate seeks dismissal of Mr. Cazeau from this litigation.  First, Allstate contends that Mr. Cazeau's claim for reimbursement under the policy is duplicative of his wife's claim for reimbursement under the policy.  Second, Allstate argues that the Plaintiffs have only one potential claim for bad-faith penalties under La. R.S. § 22:658, based on the one amount that may be found to be due, and thus that Mr. Cazeau's claim under § 22:658 is also duplicative.

Lastly, Allstate argues that there is no evidence that Mr. Cazeau suffered any actual damages as required by La. R.S. § 22:1220, and thus that he cannot state a separate claim under § 22:1220.

Allstate characterizes Mr. Cazeau's claims for reimbursement under the policy and for bad-faith penalties under La. R.S. § 22:658 as duplicative of his wife's identical claims. While it is true that the Plaintiffs may only recover the amount, if any, found to be due under their policy once, and therefore may also only recover one award under § 22:658, the Court sees no reason to dismiss Mr. Cazeau from this litigation. Rather, the Court will allow the Plaintiffs to assert these two claims jointly, given that they are both insureds under the policy. But in instructing the jury at trial, the Court will ensure that the Plaintiffs do not recover double awards on either of these claims.

With respect to bad-faith penalties under § 22:1220, the Plaintiffs may assert separate and independent claims under this statute. *See McClendon v. Econ. Fire & Cas. Ins. Co.*, 98-1537 (La. App. 3 Cir. 4/7/99), 732 So. 2d 727, 731. Allstate contends, however, that Mr. Cazeau has not presented any evidence of actual damages suffered as a result of the handling of the insurance claim. Upon a review of the Plaintiffs' deposition testimony, the Court cannot summarily determine whether or not Mr. Cazeau will be entitled to penalties under § 22:1220. Accordingly, Allstate's motion for partial summary judgment on these issues will be denied.

      **B.**     **Applicable Version of La. R.S. § 22:658**

The parties appear to agree that the applicable version of La. R.S. § 22:658 is that which was in effect at the time the Plaintiffs' cause of action arose. *See Lewis v. State Farm Ins. Co.*, No. 41,527 to 41,529 (La. App. 2 Cir. 12/27/06), 946 So. 2d 708, 728-29. Accordingly, the Plaintiffs' "recovery of penalties under [La. R.S.] § 22:658, if any, is limited to 25 percent of the

amount found to be due [under the policy] and no attorney fees may be awarded under this statute." *Ferguson v. State Farm Ins. Co.*, No. 06-3936, 2007 WL 1378507, at *4 (E.D. La. May 9, 2007). Of course, "where La. R.S. 22:1220 provides the greater penalty, La. R.S. 22:1220 supersedes La. R.S. 22:658 such that [the Plaintiffs] cannot recover penalties under both statutes." *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000). Therefore, Allstate's motion for partial summary judgment on this issue will be granted.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Allstate's Motion for Partial Summary Judgment on the Claims of Plaintiff Lancelot Cazeau (Rec. Doc. 44) is DENIED and that Allstate's Motion for Partial Summary Judgment on Plaintiff's Claim under La. R.S. 22:658 (Rec. Doc. 45) is GRANTED.

New Orleans, Louisiana, this 25th day of July, 2007.

_____

UNITED STATES DISTRICT JUDGE